[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12402

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-01205-CV-HTW-1

PACESETTER APPAREL, INC.,

Plaintiff-Appellant,

versus

COBB COUNTY, GEORGIA,
PATRICK H. HEAD,
Individually and in his official capacity as
District Attorney for Cobb County, Georgia,
ANDREW JASON SALIBA,
Individually and in his official Capacity as
Assistant District Attorney for Cobb County, Georgia,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 1, 2010)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

This appeal presents the question whether the district court erred when it dismissed the complaint of Pacesetter Apparel, Inc. for failure to state a claim of a deprivation of property without due process. Pacesetter had a perfected security interest in property seized under a warrant by Cobb County officials, who later destroyed the property as counterfeit goods, without notice to Pacesetter. Pacesetter filed a complaint against Patrick Head, the District Attorney for Cobb County; Andrew Saliba, an Assistant District Attorney for Cobb County; and Cobb County. We affirm.

## I. BACKGROUND

Pacesetter operates a wholesale apparel business in Marietta, Georgia. In October 2001, Pacesetter sold its assets and rights in its name to Vance Bibb and Pacesetter Apparel Group, Inc. As partial payment, Pacesetter Apparel Group executed three promissory notes for $450,000. The promissory notes provided Pacesetter with a security interest in all "accounts . . . , inventory, proceeds, and equipment" of Pacesetter Apparel Group, including any after acquired collateral. Pacesetter perfected its security interest by filing a financing statement with the clerk of the Superior Court of Cobb County, Georgia.

On July 15, 2003, a state magistrate judge issued an order to seize

counterfeit inventory from Pacesetter Apparel Group, which officers of the Cobb County Police Department executed on or about July 22, 2003. The police officers seized about 21,400 articles of clothing.

In September 2003, Pacesetter Apparel Group defaulted on its promissory note. In January 2004, Pacesetter initiated a civil action in Gwinnett County State Court to recover the balance owed on the promissory notes. In May 2004, the state county court issued a writ of possession and turnover order demanding that Pacesetter Apparel Group, or any party in possession, surrender its inventory to the Sheriff of Gwinnett County. On August 2, 2004, after it learned that the Cobb County Police possessed the inventory, Pacesetter informed Andrew Jason Saliba, an Assistant District Attorney for Cobb County, of its interest in the seized inventory.

In May 2005, without notice to Pacesetter, Cobb County destroyed the inventory that it had seized as counterfeit goods. On December 2, 2005, the office of the District Attorney for Cobb County informed Pacesetter that the inventory had been destroyed.

Pacesetter filed a complaint in the district court against Cobb County; Patrick Head, the District Attorney for Cobb County; and Andrew Saliba, an Assistant District Attorney for Cobb County. The complaint alleged that the

3

defendants had violated the right of Pacesetter to procedural due process by destroying its inventory without notice. Cobb County, Head, and Saliba filed motions to dismiss, which the district court granted.

## II. STANDARD OF REVIEW

We review an order granting a motion to dismiss de novo. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). We accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949–50 (2009).

## III. DISCUSSION

Although the Due Process Clause requires, at minimum, "notice and the opportunity to be heard incident to the deprivation of life, liberty[,] or property at the hands of the government," Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003), the Supreme Court has rejected the notion that a state must always provide a predeprivation hearing. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3203–04 (1984); Parratt v. Taylor, 451 U.S. 527, 540–41, 101 S. Ct. 1908, 1915–16 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of

4

law." Zinermon v. Burch, 494 U.S. 113, 125, 110 S. Ct. 975, 983 (1990). A "constitutional violation . . . is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Id. at 126, 110 S. Ct. at 983. Under the Parratt-Hudson doctrine, when a deprivation of property is random and unauthorized, "[a]ll that due process requires . . . is a post-deprivation 'means of redress for property deprivations satisfy[ing] the requirements of procedural due process.'" McKinney v. Pate, 20 F.3d 1550, 1563 (11th Cir. 1994) (quoting Parratt, 451 U.S. at 537, 101 S. Ct. at 1914). The doctrine extends to both negligent and intentional deprivations by state officials. Hudson, 468 U.S. at 533, 104 S. Ct. at 3204.

Georgia law provides an adequate postdeprivation remedy for a wrongful deprivation of property. Georgia law provides a cause of action for conversion of property, Ga. Code Ann. § 51-10-1, which we have held provides an adequate postdeprivation remedy. Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991). Pacesetter argues that this postdeprivation remedy is inadequate because the district attorney enjoys official immunity, but our precedent forecloses this argument. Immunity enjoyed by a state actor or county does not render a state postdeprivation remedy inadequate under the Parratt-Hudson doctrine. Powell v. Georgia Dep't of Human Res., 114 F.3d 1074, 1082 n.11 (11th Cir. 1997);

Rittenhouse v. DeKalb County, 764 F.2d 1451, 1459 (11th Cir. 1985).

## IV.  CONCLUSION

We **AFFIRM** the dismissal of the complaint against Cobb County, Head, and Saliba.